UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

| | |
|---|---|
| MARIE CHERY, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| U.S. ALLIANCE MANAGEMENT CORP., BARON SEDAGHAT, and BEY SEDAGAT, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff MARIE CHERY (the "Plaintiff") and other similarly situated individuals hereby

sue Defendant, U.S. ALLIANCE MANAGEMENT CORP., BARON SEDAGHAT, AND BEY

SEDAGAT, ("Defendants") and hereby allege as follows:

### I.     JURISDICTION AND VENUE

1.      This is an action to recover money damages for unpaid overtime wages under the

Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the Act" or "FLSA"), for damages under the

Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), for violations of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C.A. §§ 2000e, *et seq*. ("Title VII"), and for violations of the

Florida Civil Rights Act of 1992, § 760.01, Fla. Stat. *et seq*. ("FCRA").

2.      This Court maintains jurisdiction over this action pursuant to 29 U.S.C. § 216(b),

as well as pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4).

3.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4.      The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

5.      U.S. ALLIANCE MANAGEMENT CORP. (the "Corporate Defendant") BARON SEDAGHAT, and BEY SEDAGAT (the "Individual Defendants"), are a Florida Profit Corporation and Miami-Dade County residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for the Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County , Florida.

6.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

7.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

## II.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8.      At all times material, the Plaintiff, a female, was employed by the Defendants as a non-exempt Security Guard Supervisor from on or about June 16, 2017 until on or about November 8, 2021.

9.      The Plaintiff performed her work admirably and was revered by her colleagues with whom he worked.

10.     The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant.

11.     For the majority of her employment, Plaintiff's typical work schedule was from 3:00 P.M. to 11:00 P.M., Monday through Friday.

12.     Since the beginning of her employment, Plaintiff was not paid at the same rate as men in her position or in positions similarly situated to her.

13.     In the beginning of her employment, Plaintiff was paid a rate of $10.65.  Plaintiff complained to Defendants about this low pay rate, and in response to Plaintiff's complaints, Defendants only raised her pay rate by one dollar, to come to $11.65 per hour.

14.     Men in Plaintiff's position or positions similarly situated to Plaintiff, such as Eugene (LNU), whom Plaintiff supervised, Carlos (LNU), another supervisor like Plaintiff, and Richard (LNU), whom Plaintiff supervised, all made $14.00 or $15.00 per hour, whereas Plaintiff did not.  Plaintiff discovered this information because these men informed her.

15.     Plaintiff is entitled to the $3.35 per hour difference for all of her hours worked within the statutory period.

16.     In addition, Plaintiff often worked more than forty (40) hours in a given workweek, but Defendants failed to pay Plaintiff overtime at the rate of one-and-one-half times her regular pay rate for the overtime hours she worked for Defendants.

17.     In particular, Defendants would make Plaintiff work shifts off the clock whenever other employees did not show up.  This would happen an average of two (2) times per month, and would require Plaintiff to work approximately nine (9) additional hours.  As such, this resulted in an average of 4.5 overtime hours per week that Plaintiff was not getting paid 1.5 times her regular rate.

18.     Plaintiff complained about the discrepancy in pay and her overtime wages owed to her superiors, including but not limited to, Oma Rojas, but Plaintiff's requests were ignored.

19.     Plaintiff was terminated by Defendants in retaliation for her complaints on November 8, 2021.

20.     All conditions precedent to bringing this action have occurred, been performed or been excused.

21.     The Plaintiff has retained the undersigned counsel in order that his/her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## <u>COUNT I: UNPAID OVERTIME (U.S. ALLIANCE MANAGEMENT CORP.) – FLSA</u>

22.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23.     The Plaintiff is a covered employee for purposes of the Act.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5649

24.     This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

26.     At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

27.     Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

28.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

29.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a  and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a  for the Corporate Defendant's business.

30.     While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 4.5 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a non-exempt Security Guard Supervisor performing the same or similar duties as that of those other similarly situated whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

31.     The Plaintiff worked for the Corporate Defendant on or about June 16, 2017 until on or about November 8, 2021. In total, the Plaintiff worked approximately 93 compensable weeks under the Act, or  compensable weeks if counted 3 years back from the filing of the instant action.

32.     The Corporate Defendant paid the Plaintiff on average approximately $ 11.65 per hour, but should have been paying her $15.00 per hour.

33.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

34.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

35.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is as follows:

a.   Actual Damages: $9,416.25:

   i.   <u>Calculation</u>: $15.00 (hourly pay) x 1.5 (overtime rate) x 4.5 (approximate number of overtime hours) x 93 (compensable weeks) = $9,416.25;

b.   Liquidated Damages: $9,416.25;

c.   Total Damages: $18,832.50 plus reasonable attorneys' fees and costs of suit.

36.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

37.     The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those

similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38.     The Corporate Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

39.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: UNPAID OVERTIME (BARON SEDAGHAT) – FLSA

40.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

41.     The Plaintiff is a covered employee for purposes of the Act.

42.     This count is against the Individual Defendant only.

43.     This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

44.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

45.     Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

46.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

47.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant.

48.     The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a security company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate

commerce. Plaintiff was employed by the Corporate Defendant as a non-exempt Security Guard Supervisor for the Corporate Defendant's business.

49.     While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 4.5 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a non-exempt Security Guard Supervisor performing the same or similar duties as that of those other similarly situated whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

50.     The Plaintiff worked for the Corporate Defendant on or about June 16, 2017 until on or about November 8, 2021. In total, the Plaintiff worked approximately 93 compensable weeks under the Act, or  compensable weeks if counted 3 years back from the filing of the instant action.

51.     The Corporate Defendant paid the Plaintiff on average approximately $ 11.65 per hour, but should have been paying her $15.00 per hour.

52.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

53.     The Plaintiff seeks to recover from the Individual Defendant unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

54.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is: $18,832.50 plus reasonable attorneys' fees and costs of suit.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

55.   At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

56.   The Individual Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

57.   At the times mentioned, the Individual Defendant was, and is now, the  and/or  of the Corporate Defendant. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiff with his/her work schedule, and is jointly liable for the Plaintiff's damages.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

58.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

59.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

60.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## COUNT III: UNPAID OVERTIME (BEY SEDAGAT) – FLSA

61.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

62.     The Plaintiff is a covered employee for purposes of the Act.

63.     This count is against the Individual Defendant only.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

64.     This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

65.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

66.     Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

67.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

68.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant.

69.     The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a security company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate

commerce. Plaintiff was employed by the Corporate Defendant as a non-exempt Security Guard Supervisor for the Corporate Defendant's business.

70.     While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 4.5 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a non-exempt Security Guard Supervisor performing the same or similar duties as that of those other similarly situated whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

71.     The Plaintiff worked for the Corporate Defendant on or about June 16, 2017 until on or about November 8, 2021. In total, the Plaintiff worked approximately 93 compensable weeks under the Act, or  compensable weeks if counted 3 years back from the filing of the instant action.

72.     The Corporate Defendant paid the Plaintiff on average approximately $ 11.65 per hour, but should have been paying her $15.00 per hour.

73.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

74.     The Plaintiff seeks to recover from the Individual Defendant unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

75.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is: $18,832.50 plus reasonable attorneys' fees and costs of suit.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                            Facsimile: 888.270.5549

76.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

77.     The Individual Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

78.     At the times mentioned, the Individual Defendant was, and is now, the  and/or  of the Corporate Defendant. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiff with his/her work schedule, and is jointly liable for the Plaintiff's damages.

79.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

80.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

81.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## <u>COUNT IV: RETALIATION – FLSA</u>

82.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

83.     The Plaintiff is a covered employee for purposes of the Act.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

84.     The Defendants willfully and intentionally refused to pay the Plaintiff her legally owed overtime wages as required by the laws of the United States and remain owing the Plaintiff these wages as set forth above.

85.     Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

86.     The Plaintiff complained about his/her unpaid wages to the Defendants on multiple occasions up until the time of his/her termination.

87.     On or about 11/08/2021, the Plaintiff was terminated.

88.     The motivating factors, which caused the Plaintiff's discharge as described above, were the complaints seeking the payment of overtime wages from the Defendants. In other words, the Plaintiff would not have been fired but for his/her complaints about unpaid overtime wages.

89.     The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.  Order reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## COUNT V: DISCRIMINATION IN EMPLOYMENT, EQUAL PAY ACT

90.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

91. Plaintiff belongs to a protected class; she is female.

92. Plaintiff's job functions with Defendants were and are of equal skill, effort, and responsibility as the job functions of Defendants' male counterparts, and they were performed under the same or similar working conditions.

93. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male counterparts' wages while performing the same or substantially more work than her male coworkers.

94. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

95. Defendants violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Adjudge and decree that Defendants have violated the EPA and have done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B.  Award Plaintiff actual damages in the amount shown to be due, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI: SEX/GENDER DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII

96.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

97.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

98.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

99.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c.   The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

100.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

101.    The Plaintiff's sex/gender was a motivating factor that caused the Defendant to discriminate against the Plaintiff.

102.    The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

103.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

B. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

C. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

D. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

E. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

F. Award the Plaintiff compensatory damages for her/his emotional suffering.

G. Award the Plaintiff punitive damages.

H. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

I. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT VII: SEX/GENDER DISCRIMINATION (RETALIATION) – TITLE VII

104.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

105.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

106.    At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

107.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

    c.  The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

108.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

109.    The Plaintiff complained about discrimination and/or disparate treatment. As a result, she was terminated.

110.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

111.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing the Plaintiff in any manner whatsoever.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

B. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

C. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

D. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

E. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

F. Award the Plaintiff compensatory damages for her emotional suffering.

G. Award the Plaintiff punitive damages.

H. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

I. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT VIII: SEX/GENDER DISCRIMINATION (DISPARATE TREATMENT) – FCRA

112. The Plaintiff re-states and re-alleges paragraphs 1 through 21 as if set forth in full herein.

113. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

114. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

115.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

116.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.    The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.    More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

117.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

118.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

119.    The Plaintiff is a member of protected class of female citizens.

120.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her sex/gender, as more fully described in paragraphs 1-21 of this Complaint.

121.    The discriminatory conduct referred to in paragraphs 1 - 21 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

122.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is a female.

123.    Similarly situated employees who are not female were not subjected to the conduct described and referred to in paragraphs 1-21 of this Complaint.

124.    During the course of the Plaintiff's employment with the Defendants, the Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of her sex/gender, as more fully described in paragraphs 1-21 of this Complaint.

125.    The Plaintiff was and is qualified for her position while working for the Defendant.

126.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her sex/gender in the terms, conditions, and privileges of his/her employment.

127.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

128.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on her sex/gender.

129.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

130.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

D. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

E. Award a monetary judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

G. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

H. Grant such other and further relief as the Court deems just and proper.

## <u>COUNT IX: SEX/GENDER DISCRIMINATION (RETALIATION) – FCRA</u>

131.    The Plaintiff re-states and re-alleges paragraphs 1 through 21 as if set forth in full herein.

132.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

133.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

134.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

135.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.    The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.    More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

136.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

137.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

138.    The Plaintiff is a member of protected class of female citizens.

139.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

140.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

141.    The discriminatory conduct referred to in paragraphs 1-21 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

142.    The Plaintiff was subjected to the conduct referred to in this Complaint because he/she complained about discrimination.

143.    The Plaintiff was and is qualified for her position while working for the Defendant.

144.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

145.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

146.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

147.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

D.  Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

E.   Award a monetary judgment representing prejudgment interest;

F.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G.   Award the Plaintiff costs of this action, including reasonable attorneys' fees;

H.   Grant such other and further relief, as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: January 27, 2023.

Respectfully submitted,
By:___/s/Max Horowitz
Max Horowitz, Esquire
Fla. Bar No.:  118269
Email: max@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*